This is an appeal from a dismissal of a motion filed by the plaintiff-appellant (attorney) seeking an attorney's fee for recovery of medical expenses in a workmen's compensation case.
In 1977 appellant-employee (Day) was injured while on the job. She worked for appellee-employer, Ramada Inn South (Ramada). Acting pro se, Day entered into a settlement agreement with Ramada and its insurer Aetna Insurance Company (Aetna). This settlement was approved by the circuit court. In 1979 Day retained the services of appellant Henley to reopen her workmen's compensation file to obtain payment of accumulated medical and surgical expenses. Henley was successful, and a second agreement for payment of medical and surgical expenses was approved by the circuit court.
Between November 1983 and October 1984 Day obtained treatment from various health care facilities, including the University of Alabama in Birmingham, the Medical Center; Medical Laboratory Associates; DCH Regional Center; University of Alabama Health Services Foundation d/b/a Diagnostic Radiology Professional Services and Department of Surgery; Tuscaloosa Anesthesia Services, P.C.; and Department of Anesthesiology Health Services. A portion of these treatments was for her work-related injury to be covered under workmen's compensation, but when Day obtained these treatments, she listed her husband's insurer, The Travelers Companies (Travelers), instead of the workmen's compensation insurer (Aetna). Day employed Henley to obtain payment of unpaid medical expenses from Ramada and Aetna, as well as to assist in securing social security benefits for Day.
Henley notified Travelers of the existence of compensation coverage by Aetna in 1984. In March 1985 Henley filed a petition on behalf of Day for payment of her medical expenses from Aetna. Henley sought to have Aetna pay the money into court rather than make payment to the health care providers directly. However, the court ordered the health care providers to send their claims against Day to the attorney for Aetna and also ordered Henley to submit claims for payment of medical expenses previously paid by Day to the attorney for Aetna. Aetna paid the claims of the health care providers and Day. In December 1985 Henley filed a petition for an attorney fee lien declaratory judgment. All but one of the health care providers deny that Henley has ever represented them or their interests and deny his right to an attorney fee out of payments made to or owed by them. Travelers has agreed to pay an attorney fee and has been dismissed from this appeal. Aetna paid the health care providers in full and the health care providers reimbursed Travelers for its payments on behalf of Day. Subsequently, the court dismissed the action and Henley's motion for an attorney fee. Henley appeals.
The dispositive issue in this case is whether Henley is entitled to an attorney fee from the health care providers under the workmen's compensation statutes or in the alternative under a "common fund" theory. Henley further contends that he was entitled to a lien for said fee imposed under section34-3-61, Code 1975. We disagree.
The applicable workmen's compensation statute provides:
 "No part of the compensation payable under this article shall be paid to attorneys for the plaintiff for legal services unless, upon the application of the plaintiff to a judge of the circuit court, such judge shall order or approve of the employment of an attorney by the plaintiff, and in such event the judge, upon the hearing of the complaint for compensation, shall fix the fee of the attorney for the plaintiff for his legal services and the manner of its payment, but such fee *Page 132 
shall not exceed 15 percent of the compensation awarded or paid."
§ 25-5-90, Code 1975. Further, the Code defines compensation and affirmatively excludes medical and surgical expenses from compensation in workmen's compensation situations. § 25-5-1(1), Code 1975. See also, Cunningham v. Milstead Pulpwood Co.,366 So.2d 737 (Ala.Civ.App. 1979). Nothing in these two statutes or the other workmen's compensation statutes provides for the assessment or payment of an attorney fee for obtaining the payment of medical and surgical expenses.
It is well settled in Alabama that attorney fees are recoverable only when authorized by statute, when a contract exists, or in equitable proceedings if the efforts of the attorney have created a "common fund." Smith v. AlabamaMedicaid Agency, 461 So.2d 817 (Ala.Civ.App. 1984). In this case we do not find a statutory authorization for a court awarding an attorney fee, nor does the record reveal the existence of a contract between Henley and Travelers and most of the medical care providers. Thus, Henley is left with the common fund theory.
 "As a general rule, the application of the 'common fund' doctrine depends upon at least two requirements. There must be a 'fund' from which to compensate the attorney, and the attorney's services must benefit that fund. 7A C.J.S., Attorney Client § 334(b). In addition, the benefit rendered must be a direct benefit, either to the fund or the party to be charged with the fee. Lewis v. Railroad Retirement Board, 256 Ala. 430, 54 So.2d 777 (1951), cert. denied, 343 U.S. 919, 72 S.Ct. 677, 96 L.Ed. 1333 (1952)."
Henley Clarke v. Blue Cross-Blue Shield, 434 So.2d 274
(Ala.Civ.App. 1983).
Traditionally, this doctrine has been applied to only a limited number of very specific areas of law. These areas generally include the protection of trusts, decedent's estates, creditor actions, and insurance subrogation, among others.Henley, supra. This case would seem to resemble that of insurance subrogation. However, review of the record indicates that this is not a true subrogation case. Travelers mistakenly paid a claim that should have been covered by Aetna, the workmen's compensation insurer. Once the parties were notified of the mistake, Aetna paid the medical care providers the amounts owed them and reimbursed Day for the amount she had paid to the health care providers. Travelers was reimbursed by the health care providers for the amounts it had erroneously paid to them. As can be readily perceived, this is not a situation where an insurance company pays a claim and is entitled to subrogation as a result of a recovery from a tortfeasor.
We find it expedient, however, to look further than traditional common fund cases to see whether the instant case meets the requirements of the common fund doctrine before dismissing the claim for an attorney fee under this theory. There are five main requirements of the common fund doctrine. First, there must be a fund from which to pay the attorney, and this fund must be one which the attorney's services benefited. Second, the benefit rendered must be direct rather than incidental. Third, the party seeking fees and the party to be charged must have a common interest in the fund. Fourth, the proceedings must be equitable in nature. Fifth, the fund must be within the control of the court. Henley, supra.
In the case before us now, we must look to the record to see if these necessary requirements were met. The record does not reveal any judgment or settlement which would create such a fund. Aetna did submit a large payment to Henley, who gave it to the court clerk to disburse. The court clerk, however, did not retain or cash this check but, rather, returned it to the employer's attorney for disbursement. The court had not ordered that the moneys be paid to the court clerk. The disbursements were made to the various medical care providers directly by Aetna. Thus, there was no fund created by or under the control of the court from which disbursement would or could be made by the court. All the record reveals is that the health care providers were directed to submit *Page 133 
their claims to Aetna for payment. This was done, and the purpose for Day's action was satisfied.
Even if we ignored the above and gave a liberal interpretation to the existence of a common fund, Henley is unable to overcome the second requirement, i.e. that the benefit conferred on the medical providers and Travelers be direct and not incidental. Henley's actions were for the benefit of his client in helping her to obtain payment of her medical and surgical expenses. The benefits derived therefrom by the medical care providers are only incidental to the purpose of Henley's representation of Day.
The facts of this case are similar to those in Henley, supra, in that in Henley payments made by the personal insurance company were later refunded by medicare once the attorney had secured medicare benefits for his client. Judge Holmes, writing for the majority of this court, opined that this benefit was only incidental to the initial purpose of the representation, i.e. securing medicare coverage. Henley, supra.
We view the instant case in much the same fashion. The benefit conferred on the medical providers was only incidental to the client's desire to see that her medical expenses were paid. Thus, Henley and Day do not meet the second requirement.
It appears that Day was mainly interested in getting her medical bills paid rather than obtaining the money itself. Both the party seeking the fees and the party charged must have an interest in the fund. Henley, supra, citing Strang v. Taylor,82 Ala. 213, 2 So. 760 (1887). Thus, Henley and Day are unable to meet the third requirement of a common fund.
It is clear from the record that Henley does not meet four of the requirements necessary under the common fund theory. Thus, we do not find it necessary to make a determination of whether this case was an equitable proceeding or not.
Henley also argues that he was entitled to a lien for an attorney fee under section 34-3-61(b), Code 1975. As we have held above, there was no common fund established to which a lien could attach. Moreover, if an attorney is not entitled to a fee, then there is no basis for the attachment of a lien.Sisters of Charity v. Nichols, 157 Mont. 106, 483 P.2d 279
(1971); Commercial Union Insurance Co. v. Scott,116 Ga. App. 633, 158 S.E.2d 295 (1967); 7A C.J.S. Attorney Client, § 357 (1980).
In the case at bar Henley had not been employed as the health providers' attorney, nor was he entitled to a fee from them pursuant to statute or based on the common fund theory.
Based on what we have said above, we cannot find that the trial court erred in dismissing the motion for an attorney fee.
The trial court's judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.