INGRAM, Presiding Judge.
Baptist Medical Center, Inc. (Baptist) filed suit against Jerry and Linda Thrash for the collection of certain money due for services rendered. Baptist then filed a motion for summary judgment, which was granted, and an Alabama Rules of Civil Procedure Rule 54(b) judgment was entered in favor of Baptist for $3,471.03. The Thrashes appeal.
The dispositive issue on appeal is whether the trial court erred in granting Baptist’s motion for summary judgment.
It is well settled that if the moving party makes a prima facie showing that there is no genuine issue of material fact then the burden shifts to the nonmoving party to show substantial evidence in support of his position. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989).
Here, Baptist moved for summary judgment with a supporting affidavit and hospital records certified by the custodian *69 of records of Baptist. Such records included itemization of charges for services rendered to the Thrashes by Baptist. The Thrashes did respond with affidavits, denying any liability for the charges. They contended that, pursuant to a contract provision between the parties, Baptist was required as a condition precedent to make a good faith attempt to collect the hospital bill from insurance benefits of any health insurance policy of the Thrashes. The Thrashes allege that Baptist did not comply with this provision and, therefore, that any attempt to collect from the Thrashes is premature. However, the Thrashes never introduced any evidence that they had any insurance coverage. In fact, it appears from a review of the record and pleadings that the entire basis of Baptist’s suit is that there was no insurance coverage. We also note that the Thrashes have filed a third-party claim against Capitol Motor Company, Inc., for failure to secure a policy of insurance for them.
The Thrashes additionally contend that Baptist was in violation of § 22-21-7(b), Code 1975, in that it never sent the Thrashes an itemized statement of the hospital bill.
A careful reading of § 22-21-7(b) reveals that a written request must be made by a patient to a hospital for an itemized statement of charges or expenses incurred by the patient, and that such a written request must be made within ten days following the patient’s discharge or release from the hospital. We are unable to find from our search of the record here that such a written request was made by the Thrashes.
In view of the above, we find that the Thrashes failed to prove substantial evidence to support their position. Therefore, the trial court was correct in granting Baptist’s motion for summary judgment.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.