Mark Allen Amerine was hired by James Tyson Company (Tyson) to put vinyl siding on one of Tyson's projects. During the performance of this job, Amerine apparently fell from a scaffolding and was injured. Initially, Tyson paid benefits to Amerine, using workmen's compensation guidelines. Later, Tyson discontinued paying benefits. Amerine filed this action for benefits under the workmen's compensation laws. Tyson filed a motion for summary judgment, denying that Amerine was its employee and contending that Amerine was an independent contractor. That motion was granted and Amerine appeals.
The dispositive issue on appeal is whether summary judgment was proper regarding the issue of whether an employee-employer relationship existed between the parties.
Amerine asserts that he was an employee of Tyson and is due workmen's compensation benefits. Both Amerine and Tyson have devoted a good deal of attention in their respective briefs to the distinction between an independent contractor and an employee.
The test of whether a person is an independent contractor or is an employee is whether the alleged employer has reserved the right to control the manner in which the work is performed.Bond v. Trim-Line, Inc., 465 So.2d 365 (Ala. 1985);Craig v. Decatur Petroleum Haulers, Inc.,340 So.2d 1127 (Ala.Civ.App. 1976). The retention of control necessary to establish employee status is determined on a case-by-case basis. One does not have to prove that control was exercised over all activities to create an employer-employee relationship. Hudson v. DuraWear Corp., 344 So.2d 182
(Ala.Civ.App. 1977). In other words, is there evidence which demonstrates that Tyson exercised such authority over Amerine that it controlled the means by which the work was done or the result produced? If there is evidence that Tyson retained control over the various details involved in Amerine's performance, then Amerine could be labeled an employee and brought within the purview of the workmen's compensation law.
The law regarding summary judgment is well established. Rule 56, Alabama Rules of Civil Procedure, provides that summary judgment, which tests the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, e.g.,Melton v. Perry County Board of Education,562 So.2d 1341 (Ala.Civ.App. 1990). The party moving for summary judgment has the burden of negating the existence of a material fact. Rule 56, A.R.Civ.P. This action was filed after the legislature abolished the scintilla rule. § 12-21-12, Code 1975. The movant was required to make a prima facie showing that there was no genuine issue of material fact. Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794 (Ala. 1989). Once that burden has been met, the non-moving party must come forward with substantial evidence to show otherwise.Economy Fire Casualty Co. v. Goar, 551 So.2d 957
(Ala. 1989).
The reviewing appellate court must apply the same standard utilized by the trial court when reviewing a summary judgment.Melton. We must also review the entire record in a light most favorable to the non-moving party. Mann v. Cityof Tallassee, 510 So.2d 222 (Ala. 1987).
Tyson's motion for summary judgment was supported by affidavits from its president and its supervisor. The affiants stated that because Amerine submitted a bid for the vinyl siding job which was lower than others submitted he was given the contract. Both affiants state that Tyson had no control over the Amerine job in terms of hours, crew, equipment, tools, salaries, etc. Both affiants state that the job was contracted with Amerine for a certain price, which was the lowest bid submitted, *Page 1329 
and that Tyson would provide materials for the project based on Amerine's specifications. The affidavit from the supervisor states that Tyson exercised no control over the Amerine job beyond the right to accept the work or reject it. The affidavits state that insurance premiums for workmen's compensation coverage for Amerine's crew were subtracted by Tyson from contract payments pursuant to an oral agreement with Amerine, but that Amerine, as the subcontractor, was not covered under this policy for his crew. Additionally, in support of its motion for summary judgment, Tyson submitted a brief which contained excerpts from Amerine's deposition, wherein Amerine acknowledged bidding and contracting for the siding job for Tyson in which Amerine would supply everything but the materials for an agreed price. Tyson submitted evidence to show that Amerine used his own tools and equipment and set his own work hours, which greatly differed from those work hours of the Tyson employees, to complete the contract. Tyson also showed that Amerine controlled the manner in which the contract was performed, including the hiring, firing, and salaries of his work crew. Additionally, Tyson submitted an affidavit from its insurance agent supporting its position that the workmen's compensation insurance premium subtracted from the payment due the subcontractor, which is based on a rate schedule, provides workmen's compensation coverage for the subcontractor's crew but not the subcontractor.
Amerine submitted affidavits from his brother and himself opposing Tyson's motion for summary judgment. Amerine also submitted a brief opposing the motion. In the affidavits, Amerine contends that Tyson had complete control over the supervision of the project and that he considered himself an employee of Tyson and covered by workmen's compensation. Our careful and thorough review of the evidence provided by Amerine to oppose the summary judgment reveals nothing to show that Tyson reserved any right to control the manner in which Amerine's work was to be performed.
It is apparent that Tyson made a prima facie showing that Amerine was not its employee at the time of the injury. Put another way, Tyson "made and supported" its motion for summary judgment as provided in Rule 56, A.R.Civ.P. When a motion for summary judgment is made and is supported as provided in the rule, the non-moving party must submit evidence controverting the evidence presented by the moving party. Butler v.Michigan Mut. Ins. Co., 402 So.2d 949 (Ala. 1981).
In view of the evidence presented, and in light of our standard of review, we find that Tyson made a prima facie showing that it did not retain the degree of control necessary to establish an employer-employee relationship. Further, we find that once the burden shifted, Amerine failed to offer substantial evidence to raise a genuine issue of fact regarding his relationship to Tyson. Since Amerine was not Tyson's employee, he was not entitled to workmen's compensation from Tyson. Consequently, Tyson was entitled to a judgment as a matter of law, and the trial court acted properly in granting Tyson's motion for summary judgment. The trial court's judgment is, therefore, due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.