THIGPEN, Judge.
This appeal involves a summary judgment in a workmen’s compensation case.
Charley Rogers filed an action against Flowers Specialty Foods, Inc. (Flowers), alleging that while working for Flowers, he slipped and fell and suffered permanent injury. Record evidence indicates that Rogers was treated by Dr. George Robert Burton, an orthopedic surgeon, who ultimately released Rogers to work, without restrictions, in October 1989. There is evidence in the record that Rogers’s employment with Flowers apparently was terminated for absenteeism in January 1990, and that he obtained subsequent employment with Reveo Drugs and Montgomery Aviation. Further, Rogers returned to Dr. Burton in January 1991, complaining of lower back pain, and he was referred to Dr. Richard McFague, a specialist in physical medicine and rehabilitation. Dr. McFague testified by deposition that Rogers had a degenerative disc disease, and further testified that Rogers would have a 5% permanent disability rating based on guidelines. Flowers filed a motion for summary judgment, which the trial court granted in July 1992. Rogers appeals, contending that the *1341 trial court erred in granting summary judgment.
Summary judgment tests the sufficiency of the evidence and is proper when the trial court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ. P.; Davis v. Ford Motor Credit Co., 599 So.2d 1123 (Ala.1992). When a motion for summary judgment is made and supported as provided in the rule, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Rule 56, A.R.Civ.P.; Amerine v. James Tyson Co., 578 So.2d 1327 (Ala.Civ.App.1990). In determining whether there was a genuine issue of material fact, the appellate court is limited to reviewing the factors and the evidence considered by the trial court in granting the motion for summary judgment. Davis, supra.
To overcome Flowers’s motion for summary judgment, if it was properly supported, Rogers must show substantial evidence in support of his position. Ala.Code 1975, § 12-21-12; Bean v. Craig, 557 So.2d 1249 (Ala.1990). In reviewing motions for summary judgment, we must view the entire record in a light most favorable to the non-moving party. Amerine, supra.
Rogers argues that the trial court erred in granting summary judgment because he did not testify at the motion hearing. Rogers presents no supporting authority for this proposition and we will not consider it. Rule 28, A.R.App.P.
The moving party bears the burden of negating the existence of a material fact. Rule 56, A.R.Civ.P. See Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). Factual differences are due to be resolved by a trial on the merits. Summary judgment is proper only where there is no genuine issue of any material fact. Taylor v. Ciba-Geigy Corp., 457 So.2d 408 (Ala.Civ.App.1984). Further, a trial court’s ruling on summary judgment is nondiscretionary and without a presumption of correctness; accordingly, appellate review of the evidence is without a presumption of correctness. Hightower & Co. v. United States Fidelity & Guaranty Co., 527 So.2d 698 (Ala.1988).
The record in the instant case contains deposition testimony from the claimant and two doctors. It appears that although one doctor testified that Rogers was fully healed, the other doctor testified that Rogers may suffer a minimal impairment. When viewing the evidence most favorably to the non-moving party, we find that a genuine issue exists as to a material fact. Amerine, supra.
Accordingly, we conclude that the trial court erred in granting Flowers’s motion for summary judgment. There exists a genuine dispute as to the material issues of the extent and causation of Rogers’s alleged impairment. The judgment of the trial court is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.