This appeal involves the grant of a motion for summary judgment by the Shelby County Circuit Court in favor of Shelby County Health Care Authorities d/b/a Shelby Medical Center (Center) for the amount of medical services and attorney fees on behalf of James W. Kelley.
The record discloses that in October 1992, Center filed suit for payment on a contract and work and labor, claiming medical services rendered in the amount of $8,000.77, and an attorney fee in the amount of $2,666.66, *Page 899 
which was agreed to by contract. Subsequent to the filing of Kelley's answer denying the debt, Center filed a motion for summary judgment contending that there was no issue as to any material fact and that Center was entitled to a judgment as a matter of law.
Kelley thereafter amended his answer, adding the defenses that the debt was the result of a work-related injury; that Center had a duty to submit its bill to Kelley's insurance company per an assignment of benefits; and that the charges claimed by Center were not reasonable and necessary for the services rendered.
Kelley also filed an opposition to the motion for summary judgment, together with affidavits and exhibits. He requested that the action be transferred to Lawrence County Circuit Court, where his claim for workmen's compensation benefits was pending. In his affidavit, Kelley asserted that the injuries for which he was treated at Center were sustained within the line and scope of his employment for Lawrence County Exchange, Inc. An affidavit from Kelley's attorney of record asserted that Kelley's claim for workmen's compensation benefits was then pending in Lawrence County, and that it was set for trial in December 1992. Kelley sought to have the claim by Center transferred to Lawrence County, or continued until such time as that court rendered its judgment on the workmen's compensation action. In January 1993, the motions were continued generally by the trial court.
In April 1993, Center again filed a motion for summary judgment, contending that although the principal amount of the claim had been paid, the attorney fee and the court costs, totalling $2,778.66, remained due. This motion was supported by an affidavit from Center's controller regarding the unpaid sum, and a copy of a contract signed by Kelley, wherein Kelley agreed to pay any collection costs, including an attorney fee of 33 1/3%, in the event of default.
Kelley again filed an opposition to the motion, incorporating his prior motion and supporting documentation, and contending that pursuant to the workmen's compensation law, his employer was responsible for the payment of the medical bills. He attached as an additional exhibit a copy of the February 1993 order from Lawrence County, which, inter alia, found that Kelley was entitled to the payment of his medical expenses by his employer for hospitalization and treatment at Center resulting from the work-related injury.
In May 1993, the trial court granted Center's motion, and it entered summary judgment against Kelley for attorney fees and costs in the sum of $2,778.66; hence, this appeal.
In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence shows that there is no genuine issue of material fact, and whether the movant is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.;Graveman v. Wind Drift Owners' Association, Inc., 607 So.2d 199
(Ala. 1992). Our review is further subject to the caveat that this court must review the record in a light most favorable to the nonmovant and "all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party." Hanners v. Balfour Guthrie, Inc.,564 So.2d 412, 413 (Ala. 1990). The party moving for summary judgment has the burden of making a prima facie showing, by admissible evidence, that there is no genuine issue of material fact. Amerine v. James Tyson Co., 578 So.2d 1327
(Ala.Civ.App. 1990). Once the party moving for summary judgment has negated the existence of a material fact, the nonmoving party must present substantial evidence to show otherwise. Rule 56, A.R.Civ.P.; Amerine, supra. Under the substantial evidence rule, the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
On appeal, Kelley argues that the trial court erred in granting summary judgment because the charges were the result of work-related injuries covered by the workmen's compensation laws. The dispositive *Page 900 
issue on appeal, therefore, is whether an employee who is authorized to receive medical treatment in accordance with our workmen's compensation law is liable to the healthcare provider for any unpaid medical charges. This precise question has not heretofore been addressed in this context by the appellate courts of this state; however, the Attorney General of Alabama has addressed this question. The formal Attorney General's opinion to the Honorable J.G. Allen, Director of the Alabama Department of Industrial Relations, of February 26, 1992, vol. 226, Atty.Gen. Quarterly Rep. 37, at page 41-42, concluded:
 "It is the opinion of this office that an employee covered under the Alabama Workmen's Compensation Law is not, in general, liable for the costs of reasonably necessary medical and surgical treatment resulting from an on-the-job accident. Disputes as to what constitutes 'such charges as prevail for similar treatments' is between the provider of the services and the employer liable for the payment therefor, and is to be determined by a circuit court pursuant to Section 25-5-88, Code of Alabama 1975, as last amended. In general, a health-care provider under the Alabama Workmen's Compensation Law should bill the employer for unpaid medical services, not the employee. Furthermore, an injured employee covered by the Alabama Workmen's Compensation Law, in general, is not liable for the unpaid balance of charges for authorized medical treatment. There are possible factual circumstances under which an employee might be liable for the costs of his medical treatment or some part thereof. However, the presumption should be that the employer is liable for such charges unless a court of competent jurisdiction determines otherwise."
While opinions of the Attorney General are advisory in nature, they are, nevertheless, entitled to great weight.Associated Industries of Alabama, Inc. v. State, 55 Ala. App. 277, 314 So.2d 879 (Ala.Crim.App. 1975). The opinion's analysis begins with the correct proposition that the purpose of the workmen's compensation statute "is to place upon industry the burden of disability and death resulting from industrial accidents." Ford v. Mitcham, 53 Ala. App. 102, 104,298 So.2d 34, 36 (Ala.Civ.App. 1974). The Attorney General opined that generally an employer, not the employee, is liable for the unpaid balance of charges for authorized medical treatment. We adopt that judicious analysis as our own. SeeReeder v. Geneva County Board of Education, 586 So.2d 222
(Ala.Civ.App. 1991). This court has previously observed that Ala. Code 1975, § 25-5-77(a),
 "requires the employer to pay the actual cost of reasonably necessary medical expenses incurred by the employee, and it sets out the procedure for selecting the treating physicians. The Code section then provides that if a dispute arises as to the necessity or value of such services, the court having jurisdiction of the compensation claim shall resolve the dispute."
Champion International Corporation v. Simmons, 398 So.2d 305,308 (Ala.Civ.App. 1981).
This court has previously held, and our Workmen's Compensation Act provides, that "the employer is not liable for the costs of medical or surgical treatment obtained by the employee without justification or notice to the employer. . . ." Wimbs v. El Biscuit Village, Inc., 418 So.2d 129, 130
(Ala.Civ.App. 1982) (quoting United States v. Bear Bros.,355 So.2d 1133, 1138 (Ala.Civ.App. 1978)). There is no argument in the case sub judice that the medical expenses were neither justified nor authorized, and, in fact, the Lawrence County order is dispositive regarding that issue in view of its judgment ordering the employer to pay the questioned expenses.
As noted by the Attorney General, it is the general practice of employers to insure their liability, pursuant to Ala. Code 1975, § 25-5-77, with private insurance companies. Ala. Code 1975, § 25-5-8(a), provides that
 "[a]n employer . . . may secure the payment of compensation under this chapter by insuring and keeping insured his or her liability in some insurance corporation, association, organization, insurance association, corporation, or association formed of employers and workers or formed by a *Page 901 
group of employers to insure the risks under this chapter. . . ."
Professor A. Larson further states:
 "The normal rule is that the obligation to pay medical bills runs from the employer to the physician or hospital. It follows that a hospital or doctor may not collect fees from the employee over and above the amount paid by the employer. Nor may such claims be pressed against the employee while the compensation proceedings are in progress. . . ."
2 A. Larson, The Law of Workmen's Compensation, § 61.12(k) (1989) at 10-846.
The language of Ala. Code 1975, § 25-5-77(a), requires an employer to provide for medical care to the injured employee, thus providing that the employee will receive necessary medical care at the expense of the employer, thereby establishing a direct relationship between the employer, its workmen's compensation carrier, and the medical care provider. Any dispute as to the value of those services is to be resolved by the tribunal having jurisdiction of the claim of the injured employee for compensation. Ala. Code 1975, § 25-5-77(a).
In view of the above, we adopt the well-reasoned analysis of the attorney general and hold that an employee entitled to workmen's compensation benefits generally is not liable for the unpaid balance of charges for reasonably necessary and authorized medical and surgical treatment resulting from an on-the-job injury. The healthcare provider should bill the employer, not the employee, for unpaid medical services. While there may be factual circumstances which create liability on the part of the employee for the cost of all or part of the medical treatment, that is not the case sub judice. Once Center was informed that its claim was subject to the workmen's compensation law, any dispute regarding that claim should have been resolved by the trial court having jurisdiction of Kelley's workmen's compensation claim; accordingly, it was error for the Shelby County Circuit Court to continue to exercise jurisdiction. Inasmuch as the workmen's compensation judgment provided that Kelley was entitled to have his medical expenses at Center paid by his employer, Kelley could not have been in default of payment; therefore, any collection expenses Center incurred pursuant to any agreement with Kelley are not recoverable. Center was not entitled to a judgment as a matter of law and summary judgment was improper.
In view of the above, the judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.