THIGPEN, Judge.
The pertinent facts indicated by the pleadings and motions in the sparse record presented with this appeal are that on March 22, 1993, Trussell V. Johnson was injured in a motor vehicle accident. From April 12 through April 14,1993, he received treatment at a facility operated by The Health Care Authority of the City of Huntsville, d/b/a Huntsville Hospital (Hospital), and was billed for services in the amount of $7,778.67, which he disputed as being unreasonable. In May 1993, the Hospital filed a hospital lien in that amount. In October 1993, Johnson filed a complaint for interpleader disputing the reasonableness of the Hospital’s charges and interpleading the proceeds of a settlement he had reached with the liability insurance carrier of the driver of the other automobile involved in the accident. Johnson requested that the trial court determine whether the Hospital’s charges were reasonable and the manner in which the proceeds should be distributed. The Hospital answered, asserting that it was entitled to the full amount charged for services rendered, pursuant to a contract between the parties.
The Hospital then filed a motion for a summary judgment, supported by affidavits of the Hospital’s nurse manager and its budget coordinator. Thereafter, Johnson filed a motion for a summary judgment, attaching as supporting documentation a copy of the Hospital’s lien form. Johnson’s motion was denied, and a summary judgment was entered for the Hospital for $7,778.67. Johnson appeals.
The law regarding summary judgments is well established. A summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. The moving party has the burden of presenting a prima facie showing that there is no genuine issue of material fact. Rogers v. Flowers Specialty Foods, Inc., 621 So.2d 1339 (Ala.Civ.App.1993). “The reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment.” Melton v. Perry County Board of Education, 562 So.2d 1341, 1342 (Ala.Civ.App.1990). Additionally, the record is reviewed in a light most favorable to the non-moving party. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987).
*1019 Johnson first contends that the trial court erred by denying his motion for summary judgment. He argues that the Hospital did not have a valid statutory lien pursuant to Ala.Code 1975, § 35-11-870, which states that “[a]ny person, firm, hospital authority or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries.” He argues that because he did not enter the Hospital within one week of the accident, no valid statutory lien existed. The Hospital contends that it is not required to have a valid statutory lien in order to recover the reasonable cost of the medical services rendered, relying upon the language in its admissions contract.
“This section [35-11-370] was intended to give hospitals and other health care providers an automatic lien for the reasonable value of their services provided.” Guin v. Carraway Methodist Medical Center, 583 So.2d 1317, 1319 (Ala.1991). Thus, the apparent intent of Ala.Code 1975, § 35-11-370, is to provide a hospital with a statutory lien and the status of a secured creditor in determining the priority of claims where the injured party enters the hospital within one week after receiving an injury. A hospital should perfect such a lien “before or within ten days after such person shall have been discharged.” Ala.Code 1975, § 35-11-371. Johnson was discharged on April 14, 1993, and the Hospital filed its lien 20 days later, on May 4, 1993. “[I]t has generally been held or recognized that such requirements should not be technically applied so as to defeat just hospital claims, and that such statutes are to be liberally construed in this respect.” Annotation, Construction, Operation, and Effect of Statute Giving Hospital Lien Against Recovery From Tortfeasor Causing Patient’s Injuries, 25 A.L.R.3d 858, 874 (1969).
Here, the injured party clearly did not enter the Hospital within a week following the accident, nor did the Hospital timely perfect a statutory lien. Therefore, the Hospital’s assertion that it is entitled to the status of a “secured creditor,” by virtue of a lien pursuant to Ala.Code 1975, § 35-11-370, fails.
In his brief, Johnson concedes that the Hospital “is entitled to recover for their services” and argues that the Hospital cannot recover pursuant to a statutory lien. Johnson argues that the Hospital has provided evidence only that the nursing care itself was reasonable and necessary, but that no evidence of causation was presented by a medical doctor. Johnson, however, stated in his complaint that the treatment he received at the Hospital was for the injuries that he received in the accident. The Hospital presented evidence that its charges were reasonable, customary, and necessary. Johnson presented no evidence to dispute this assertion and testimony. This court has previously affirmed a summary judgment for a hospital that presented with its motion supporting evidence that it rendered services to a patient for a specific amount, when the patient presented nothing to conflict the hospital’s claim and evidence. See Thrash v. Baptist Medical Center, Inc., 559 So.2d 68 (Ala.Civ.App.1990). The record discloses that once the Hospital made a prima facie showing, Johnson produced no substantial evidence in opposition to the Hospital’s evidence regarding the nature and extent of the services rendered. The trial court properly determined that the Hospital, pursuant to its contract with Johnson, is entitled to the amount charged for the services it rendered to Johnson. Accordingly, the summary judgment was proper, and the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.