YATES, Judge.
Denise Collins sued her employer, Taco Bell Corporation, in May 1994, seeking to recover workmen’s compensation benefits for continuing treatment that, she said, related to injuries she had sustained in a 1992 motor vehicle accident, which she alleged had occurred within the line and scope of her em *864 ployment. Taco Bell answered that it had paid Collins all benefits due her under the workmen’s compensation statutes and denying further liability for Collins’s subsequent medical expenses. In September 1993, Baldwin County Eastern Shore Hospital Board, Inc., d/b/a Thomas Hospital (hereinafter “the hospital”), had sued Collins for nonpayment of medical care and treatment charges that Collins said were related to injuries she had suffered in her 1992 motor vehicle accident. Taco Bell had refused to pay Collins’s subsequent medical bills she had incurred in 1994 and 1995. In March 1995, Collins and the hospital jointly moved the court to consolidate the two lawsuits, contending that the disposition of the workmen’s compensation claim would also resolve the action brought by the hospital; the court granted the motion.
After a trial in July 1995, the court, on September 22,1995, found that Collins’s need for continued medical treatment was the direct result of her job-related injury, and it ordered Taco Bell to pay the hospital bill, plus interest, and to pay for future related treatment. The court, citing Kelley v. Shelby County Health Care Authorities, 638 So.2d 898 (Ala.Civ.App.1993), stated that the hospital had not played an active part in obtaining payment by Taco Bell of its bill and that: “Payment of the bill has been obtained solely by the efforts of Collins and her attorney. The recovery constitutes a fund from which [the attorney] is due a fee.”
On the hospital’s post-judgment motion, the court, on November 15, 1995, entered an amended judgment, holding “that there is no legal basis upon which to deduct an award of attorney’s fees ... from the hospital bills to be paid by Taco Bell.” It stated that it had considered the merits of an attorney fee award under the “common fund” doctrine and had concluded that two of the five requirements under the doctrine had not been met. The court disallowed the attorney fee award, citing Day v. Ramada Inn South, 527 So.2d 130 (Ala.Civ.App.1987), and Henley & Clarke v. Blue Cross-Blue Shield of Alabama, 434 So.2d 274 (Ala.Civ.App.1983), as controlling. Collins appeals, arguing that the court erred in altering its initial judgment and disallowing the fee award from the hospital’s recovery.
Because Collins’s injury occurred before August 1, 1992, this ease is governed by the old standard of review as set forth in Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991):
“The standard of appellate review in workmen’s compensation eases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
We, therefore, consider whether there was any legal evidence to support the court’s amended order. The hospital asserts that it appropriately pursued a claim against Collins based on her contractual obligation with the hospital and that upon notification of the pending workmen’s compensation claim the hospital ceased its collection efforts. The hospital further asserts that under Kelley, supra, it was barred from pursuing an outstanding debt against an employee only after the employer’s liability has been established by the court. Collins argues that the hospital had adequate notice that Taco Bell was responsible for her medical expenses and, therefore, that the hospital had an obligation to pursue payment directly from Taco Bell.
After carefully reviewing the respective briefs, the workmen’s compensation law, and the “common fund” doctrine, we conclude that the court did not err in its amended judgment. There is no statutory provision for the payment of attorney fees in obtaining payment for an employee’s medical expenses. See § 25-5-90, Ala.Code 1975. We agree with the trial court that Day, supra, is controlling and that Collins failed to meet the second and third requirements of the following five requirements for application of the “common fund” doctrine:
“First, there must be a fund from which to pay the attorney, and this fund must be one which the attorney’s services benefit-ted. Second, the benefit rendered must be direct rather than incidental. Third, the party seeking fees and the party to be *865 charged must have a common interest in the fund. Fourth, the proceedings must be equitable in nature. Fifth, the fund must be within the control of the court.”
527 So.2d at 132 (citation omitted). '
The benefit to the hospital was incidental to the direct benefit to Collins, and Collins’s attorney was primarily interested in having his client’s medical expenses paid, rather than in Collins’s receiving additional money from Taco Bell; therefore, Collins and the hospital did not have a common interest in the fund. See also, Henley & Clarke, supra, 434 So.2d 274.
AFFIRMED.
CRAWLEY, J., concurs.
ROBERTSON, P.J., concurs specially.