This is an appeal from a denial of a motion filed by the employee seeking an attorney's fee for recovery of medical and *Page 1001 
surgical expenses in a workmen's compensation case.
The employee, Ronald Ray Cowgill, sustained a work-related injury while employed by Bowman Transportation, Inc. (employer). The parties reached a settlement agreement, which provided that the employee would receive a lump sum payment of compensation from the employer and that the employer would also pay for any future "medical and surgical treatment . . . directly and necessarily related to the injuries" described in the agreement. The trial court approved the terms of this agreement in an order dated June 5, 1985.
In September 1989 the employee, who averred that he had experienced back pain from the time of the original injury, was informed by a physician that he would require surgery on his back due to what was diagnosed as a herniated disc. When the employer subsequently informed the employee that it would not cover the medical expenses of this surgery, the employee filed a motion to show cause with the trial court, asking why the employer should not be held in contempt for its failure to comply with the terms of the June 1985 order.
In an order dated May 31, 1990, the trial court found that the employee's back surgery was "directly and necessarily related" to his original work-related injury and that, under the Alabama Workmen's Compensation Act, the employer was therefore liable for payment of the disputed medical and surgical expenses. The employee then requested an award of attorney's fees for the legal assistance provided by his able counsel in the prosecution of his claim for these expenses.
On July 6, 1990, following an ore tenus proceeding concerning the assessment and award of attorney's fees, the trial court determined that the dispute regarding the employer's liability for payment of the employee's medical and surgical expenses in the present case was bona fide, and that the employer's contention that the employee's medical and surgical treatment was not directly and necessarily related to his original injury had been asserted in good faith. Accordingly, the trial court found that there was no willful or contumacious refusal by the employer to follow a court order, as would ordinarily be contemplated in a contempt proceeding. Moreover, the trial court held that it lacked authority under the Workmen's Compensation Act to award attorney's fees for obtaining the payment of medical and surgical expenses. Consequently, the trial court denied the employee's motion to tax attorney's fees.
The employee appeals from the trial court's order. We affirm.
The dispositive issue in this case is whether, in the absence of willful or contumacious conduct by the employer, the employee's counsel is entitled under the Workmen's Compensation Act to an award of an attorney's fee for obtaining the payment of medical and surgical expenses.
The employee contends that all courts have inherent authority to enforce their judgments, including the power to punish a party for contempt of court, and that, accordingly, the trial court had a basis for an award of attorney's fees, even in the absence of willful or contumacious conduct by the employer.
Our supreme court in Moody v. State ex rel. Payne,355 So.2d 1116 (Ala. 1978), held that in civil contempt proceedings attorney's fees may be awarded in the sound discretion of the trial court. However, in the present case, not only was there no finding by the trial court of willful or contumacious conduct on the part of the employer, but there was also no finding of contempt. Moreover, there was no evidence that the employer had failed to comply with an order of the trial court.
The record reveals that the employer disputed the employee's contention that the medical and surgical expenses of his back surgery were "directly and necessarily related" to the previous work-related injury, and that following a hearing on the issue the trial court held that, while these expenses were directly and necessarily related to the previous injury, the dispute was bona fide and the employer's position was asserted in good faith. Accordingly, any suggested analogy between a finding of *Page 1002 
contempt and the trial court's determination that the disputed expenses were payable pursuant to the terms of the settlement agreement and the Workmen's Compensation Act must fail.
It is well settled in Alabama that attorney's fees are recoverable only when authorized by statute, when a contract exists, or in certain equitable proceedings. Reynolds v. FirstAlabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala. 1985);Smith v. Alabama Medicaid Agency, 461 So.2d 817 (Ala.Civ.App. 1984). While we are not without sympathy for the employee under the circumstances shown, there is no provision under the Workmen's Compensation Act that provides for the assessment of attorney's fees for the obtaining of medical and surgical expenses. Combustion Engineering, Inc. v. Walley, 541 So.2d 560
(Ala.Civ.App. 1989); Day v. Ramada Inn South, 527 So.2d 130
(Ala.Civ.App. 1987).
This court has handed down decisions recognizing the statutory gap (see Combustion Engineering, 541 So.2d 560, andDay, 527 So.2d 130), and consequently the legislature has been given an opportunity to weigh the various policy questions involved and to decide whether the coverage of the Act should be broadened. However, the legislature has not seen fit to broaden the Act in this area. We must give effect to the plain language of the statute as enacted by the legislature, regardless of our view as to the statute's wisdom or fairness.Cunningham v. Milstead Pulpwood Co., 366 So.2d 737
(Ala.Civ.App. 1979). The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.