We granted Petitioner Ronald Ray Cowgill's request to review the Court of Civil Appeals' holding that under the plain language of the Workmen's Compensation Act "there is no provision . . . for the assessment of attorney's fees for the obtaining of medical and surgical expenses." 587 So.2d 1000,1002. The Court of Civil Appeals, affirming the trial court's order overruling Cowgill's motion to tax attorney fees against Bowman Transportation, Inc. ("Bowman"), reasoned as follows:
 "While we are not without sympathy for [Cowgill] under the circumstances shown, there is no provision under the Workmen's Compensation Act that provides for the assessment of attorney's fees for the obtaining of medical and surgical expenses.
 "This court has handed down decisions recognizing the statutory gap, and consequently the legislature has been given an opportunity to weigh the various policy questions involved and to decide whether the coverage of the Act should be broadened. However, the legislature has not seen fit to broaden the Act in this area. We must give effect to the plain language of the statute as enacted by the legislature, regardless of our view as to the statute's wisdom or fairness."
587 So.2d at 1002. (Citations omitted.)
Cowgill, however, does not seek relief under the Act itself but rather in "the use of the inherent . . . equity powers retained by the [trial] court to grant attorney's fees and thus effectuate the beneficent purpose of the Act."
The trial court, overruling Cowgill's motion to tax attorney's fees against Bowman, held in pertinent part as follows:
 "The ascertainment of a reasonable amount for attorney's fee is not difficult. The core issue presented is whether fees may be awarded in this context. It is axiomatic that the Workmen's Compensation Law is statutory and that the statutes control the conduct of compensation cases.
 "The workmen's compensation provisions of Tit. 25 are silent regarding fee awards in this context. Section 25-5-90 provides that legal fees shall be paid only upon order of the court and shall not exceed 15% of the compensation awarded. Section 25-5-1(1) specifically excludes medical and surgical treatment from the definition of 'compensation.' In the present case [Cowgill] was entitled to future medical expenses under the provisions of § 25-5-77. The need for this treatment arose after his case was settled, yet his employer contested his entitlement thereto. [Cowgill] needed counsel in order to perfect his right. . . . [Cowgill] is unable to pay the necessary medical expenses, nor is he able to pay counsel to obtain them from his own funds. How, then, is the beneficent purpose of the Workmen's Compensation Law to be fulfilled? An extreme situation which is readily imaginable is that of an impecunious injured workman living on 100% permanent total disability compensation. The hypothetical workman might require $50.00 worth of medicine to treat his condition or even preserve his life, yet the employer might contest the need for that medication. Even if the 15% maximum fee were to be allowable, can it be reasonably expected that plaintiff could retain counsel for an expected fee of $7.50?
". . . .
 "There are various alternative solutions to this gap in Alabama's Workmen's Compensation Law. Statutory construction and application by a policy making court or action by the state legislature will be required to select that solution. The Workmen's Compensation Law itself, however, is silent and affords no remedy this court can apply. Hence, albeit reluctantly, [Cowgill's] motion to tax attorney's fee must be and [it] is hereby overruled."
It is well settled that attorney fees are recoverable only where authorized by statute; when provided in a contract; or in certain equitable proceedings when the interests of justice so require, as in the case when the opposing party has acted in bad faith. See Reynolds v. First Alabama *Page 1004 Bank of Montgomery, N.A., 471 So.2d 1238 (Ala. 1985), for an in-depth discussion of the exception to the "American rule" of awarding attorney fees. In the instant case, as the trial court held and as the Court of Civil Appeals held, there is no provision in the Act that allows an award of attorney fees under the circumstances before us, nor is there a contract that provides for such fees. Therefore, if we were to allow such an award, we would have to do so by invoking the equitable jurisdiction of the court so as to effectuate the beneficent purpose of the Act, which should be liberally construed in favor of the employee. In the exercise of our equitable powers, we would look to the acts of the employer to determine whether the employer was justified in refusing the payment of the requested medical and surgical expenses or whether its refusal to pay was done in bad faith — i.e., whether the employer willfully and contumaciously refused to provide the expenses for the medical care necessarily and directly related to the on-the-job injury. If the actions of the employer evinced bad faith, then we would be inclined to exercise our equitable powers and, thus, utilizing our policy-making function, probably would be inclined to assess attorney fees against the employer for those bad acts. However, in this case, the trial court found that Bowman's dispute with Cowgill as to the requested expenses was asserted in good faith; and that finding is not in dispute. Therefore, under these circumstances, we could not equitably require the employer to pay the attorney fees incurred to settle the dispute.
Based on the foregoing, we quash the writ as improvidently granted.
WRIT QUASHED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.