In 1988 Raymond Rich filed suit for workmen's compensation benefits because of on-the-job injuries he suffered as a construction worker for Argo Construction Company (Argo). Rich was injured when he fell off a step-ladder from approximately 18 feet high and suffered a concussion to his head and broke his hip, wrist, and knee.
The employee and Argo subsequently entered into a settlement agreement, which provided that the "[m]edical benefits will remain open as provided by the Workmen's Compensation Act." The settlement agreement was approved by the trial court by order dated April 6, 1988.
Nearly two years later, the employee filed a motion requesting that Argo be held in contempt of court for refusing to pay medical expenses that he had incurred as a result of his on-the-job injuries with Argo. The contempt motion requested that Argo be ordered to immediately pay all such medical expenses and that Argo also pay attorney fees and expenses incurred in the bringing of the civil contempt action.
In response, Argo filed an affidavit from Dr. James E. Wise, an orthopedic surgeon hired by Argo, to review Rich's medical records. In his affidavit, Dr. Wise stated that he arrived at an opinion after reviewing certain medical records of Rich's, and that in his opinion, Rich's condition was not related to the accident that occurred while Rich was in the employment of Argo. Rich filed a motion to strike Dr. Wise's affidavit on the grounds that it was based on hearsay and factual assumptions not within Dr. Wise's firsthand knowledge. Rich argued that Dr. Wise had no foundation for his opinions since he had never treated nor interviewed Rich. Also, Rich argued that the affidavit should be struck because it contradicted the testimony of his two treating physicians. Argo then filed a memo in opposition to Rich's request for payment of the 1989 medical expenses made the subject of Rich's contempt motion.
On August 13, 1991, after considering various briefs, motions, physicians' depositions, an affidavit, and the arguments of counsel, the trial court granted Rich's motion to hold Argo in contempt and ordered Argo to pay Rich's medical fees and expenses that had been stipulated by the parties. As to the employee's request for attorney's fees and expenses, counsel for both parties informed the trial court that *Page 1079 
the law was unclear as to whether or not such fees could be assessed against Argo, but that the supreme court was expected to provide some direction shortly. The trial court held that "[Rich] having prevailed in his Motion, the Court does hereby defer as per the stipulation and agreement of counsel for both parties the issue of attorney's fee pending a ruling by the Alabama Supreme Court in this regard." The medical expenses totaled $20,610.75; no post-judgment motion was filed by either party; no appeal was taken from the trial court's order; and the medical expenses were paid by Argo shortly thereafter.
Approximately one month later, the employee filed a motion to assess attorney's fees based on the Alabama Supreme Court's ruling in Ex parte Cowgill, 587 So.2d 1002 (Ala. 1991). In the motion, the attorney for Rich stated that he had spent 22.5 hours in preparation and presentation of the contempt motion and also had incurred out-of-pocket expenses.
On October 1, 1991, the trial court entered an order noting that it had previously granted Rich's motion holding Argo in contempt and finding that attorney fees were due to be assessed due to the bad faith of Argo's refusal to pay the medical expenses. The trial court ordered Argo to pay Rich's attorney a reasonable attorney fee in the amount of $2,500 and to reimburse the attorney for any out-of-pocket expenses he expended in connection with the preparation and filing of the contempt motion.
Argo then filed a motion to alter, amend, or vacate the October 1, 1991, order. This motion was denied and Argo appeals.
We initially note that the only issue before this court is whether the trial court erred in its award of attorney fees. Argo did not appeal the trial court's judgment holding Argo in contempt of court and ordering Argo to pay Rich's medical expenses. Argo's attorney stated during oral argument that the contempt issue is not before this court on appeal. Therefore, the dispositive issue is whether the trial court may assess attorney fees in a civil contempt proceeding in a workmen's compensation case.
In Cowgill, our supreme court stated that:
 "It is well settled that attorney fees are recoverable only where authorized by statute; when provided in a contract; or in certain equitable proceedings when the interests of justice so require, as in the case when the opposing party has acted in bad faith. See Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238
(Ala. 1985), for an in-depth discussion of the exception to the "American rule" of awarding attorney fees. In the instant case, as the trial court held and as the Court of Civil Appeals held, there is no provision in the Act that allows an award of attorney fees under the circumstances before us, nor is there a contract that provides for such fees. Therefore, if we were to allow such an award, we would have to do so by invoking the equitable jurisdiction of the court so as to effectuate the beneficent purpose of the Act, which should be liberally construed in favor of the employee. In the exercise of our equitable powers, we would look to the acts of the employer to determine whether the employer was justified in refusing the payment of the requested medical and surgical expenses or whether its refusal to pay was done in bad faith, i.e., whether the employer willfully and contumaciously refused to provide the expenses for the medical care necessarily and directly related to the on-the-job injury. If the actions of the employer evinced bad faith, then we would be inclined to exercise our equitable powers, and . . . probably would be inclined to assess attorney fees against the employer for those bad acts."
Cowgill, 587 So.2d at 1003-04. (Citation omitted.)
By holding Argo in contempt of court, the trial court must have found that Argo "willfully and contumaciously refused" to pay Rich's necessary medical expenses. In Cowgill at 1004, our supreme court stated that where the employer's actions evinced bad faith, it "probably would be inclined to assess attorney fees against the employer." By using the words "probably" and *Page 1080 
"inclined," and by not stating specifically that attorney fees may be awarded in this fact situation, we must look further for guidance. In Moody v. State ex rel. Payne, 355 So.2d 1116 (Ala. 1978), Justice Jones wrote that:
 "As a general rule, and in the absence of contractual or statutory provisions, attorneys' fees are not recoverable either as costs of litigation or as an element of damages. State v. Alabama Public Service Commission, 293 Ala. 553, 307 So.2d 521 (1975); Hartford Accident Indemnity Co. v. Cosby, 277 Ala. 596, 173 So.2d 585 (1965); and Taylor v. White, 237 Ala. 630, 188 So. 232
(1939). There are, however, a number of exceptions to this general rule. One widely-accepted exception, and one which we specifically accept, is that in proper circumstances a reasonable attorney's fee may be allowed the prevailing prosecuting party in a civil contempt proceeding. This award, though not mandatory, is allowed within the sound discretion of the trial court. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923); Arvin, Inc. v. Sony Corp. of America, 215 Va. 704, 213 S.E.2d 753
(1975); and 43 A.L.R.3d 793-97.
 "The purpose of this rule is to afford an injured party remedial relief for injuries sustained by him from the contemnor's contemptuous acts. We can perceive no set of circumstances more fully justifying this exception than the case before us. For these reasons, and because the trial court did not abuse its discretion in this regard, attorneys' fees incurred in the civil contempt proceedings are properly recoverable as an element of damages in the instant action."
Moody at 1119.
In the case sub judice, it was necessary for Rich to employ the services of an attorney to go back into court to obtain payment of his medical expenses. While in this case the amount involved exceeded $20,000, it is foreseeable that the amounts in controversy could vary from nominal to substantial. The amount of the medical expenses should not matter in deciding whether to assess attorney fees if the employee prevails in a civil contempt proceeding. As noted by the trial judge inCowgill, § 25-5-90, Code 1975, provides that legal fees shall not exceed 15% of the compensation awarded, and § 25-5-1(1) specifically excludes medical expenses from the definition of "compensation." Consequently, the trial court in this case was without authority to award any amount of the $20,610.75 as attorney fees. We hold that this set of circumstances is an exception to the general rule and that the trial court, by invoking its equitable jurisdiction so as to effectuate the beneficent purpose of the Act, may award attorney fees to the prevailing prosecuting party as an element of damages in this civil contempt proceeding. Moody; Cowgill. After a careful review of the record and the amount awarded, we find that the trial court did not commit an abuse of discretion by such an award in this case. Moody.
Argo also argues on appeal that it was entitled to an additional hearing before attorney fees could be awarded. In this case, the trial court provided both parties an opportunity to be heard on all the issues at the contempt hearing. In its contempt order, the trial court deferred, per stipulation and agreement of counsel, the attorney fee issue until the supreme court ruled in Cowgill. We fail to find reversible error on the part of the trial court since this issue had been addressed in the prior hearing; the court had reserved the right to rule at a later date; and there had been no objection from the parties.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
THIGPEN, J., concurs.
RUSSELL, J., dissents.