BEATTY, Retired Justice.
The defendant, Southern Label Company, appeals from the trial court’s order awarding an attorney fee to the plaintiff, Allen L. Raymond. We reverse and remand.
On August 21, 1992, Raymond injured his back while working for Southern Label. He sued Southern Label to recover, workers’ compensation benefits. After a hearing, the trial court, in June 1994, entered a judgment finding Raymond totally and permanently disabled and awarding benefits. The court also ordered Southern Label to pay all past and future medical expenses related to Raymond’s injury.
In 1995, Raymond moved to Texas. He sought the care of a physician in Texas because, he says, he needed to get his medications refilled. In a report to Peerless Insurance Company, Southern Label’s workers’ compensation carrier, Raymond’s new physician stated that, in his opinion, Raymond had fully recovered from his 1992 injury, a lumbar strain. The physician recommended that Raymond undergo a functional capacities evaluation (FCE). Raymond refused to do so. Raymond later was evaluated by a second physician in Texas. That physician also reported to Peerless that he found Raymond to have no objective pathology and no impairment. Southern Label then filed a motion asking the trial court to compel Raymond to undergo the FCE. In response, Raymond filed a motion asking the trial court to hold Southern Label in contempt because, he said, it “repeatedly requested a Functional Capacity Evaluation that is neither treatment nor diagnostic and is used only for the purpose of litigation.” The trial court ordered Raymond to see his original treating physician in Alabama and allowed the parties to depose the physician. According to Raymond’s Alabama physician, his condition had not changed and he remained totally disabled. In January 1997, the trial court entered the following order:
- “This Court finds defendant’s actions in forestalling payments to claimant not to be contempt. However, as the matter is now resolved, attorney Bob Lee [Raymond’s attorney] is awarded an attorney’s fee of Two Thousand Dollars ($2,000). Costs, if any, are taxed to defendant.”
Southern Label appeals only from the award of an attorney fee.
In Cowgill v. Bowman Transp., Inc., 587 So.2d 1000, 1002 (Ala.Civ.App.1991), this court held that, under the plain language of the Workers’ Compensation Act, “there is no provision ... for the assessment of attorney’s fees for the obtaining' of medical and surgical expenses.” Our supreme court granted Cowgill’s request to review that holding; it stated:
“It is well settled that attorney fees are recoverable only where authorized by statute; when provided in a contract; or in certain equitable proceedings when the interests of justice so 'require, as in the case when the opposing party has acted in bad faith. See Reynolds v. First Alabama Bank of Montgomery, N. A., 471 So.2d 1238 (Ala.1985), for an in-depth discussion of the exception to the ‘American rule’ of [not] awarding attorney fees. In the instant case, as the trial court held and as the Court of Civil Appeals held, there is no provision in the [Workers’ Compensation] Act that allows an award of attorney fees *282 under the circumstances before us, nor is there a contract that provides for such fees. Therefore, if we were to allow such an award, we would have to do so by-invoking the equitable jurisdiction of the court so as to effectuate the beneficent purpose of the Act, which should be liberally construed in favor of the employee. In the exercise of our equitable powers, we would look to the acts of the employer to determine whether the employer was justified in refusing the payment of the requested medical and surgical expenses or whether its refusal to pay was done in bad faith — i.e., whether the employer willfully and contumaciously refused to provide the expenses for the medical care necessarily and directly related to the on-the-job injury. If the actions of the employer evinced bad faith, then we would be inclined to exercise our equitable powers and, thus, utilizing our policy-making function, probably would be inclined to assess attorney fees against the employer for those bad acts. However, in this case, the trial court found that Bowman’s dispute with Cowgill as to the requested expenses was asserted, in good faith; and that finding is not in dispute. Therefore, under these circumstances, we could not equitably require the employer to pay the attorney fees incurred to settle the dispute.”
Ex parte Cowgill, 587 So.2d 1002, 1003-04 (Ala.1991) (emphasis added). Based on the foregoing, the court quashed the writ of cer-tiorari as having been improvidently granted. See also Argo Constr. Co. v. Rich, 603 So.2d 1078 (Ala.Civ.App.1992) (affirming an award of an attorney fee where the trial court held the employer in contempt and found that it had acted in bad faith in refusing to pay the employee’s medical expenses).
Based on the authority of Cowgill and Argo, the trial court’s award of an attorney fee is hereby reversed. Because the trial court found that Southern Label was not in contempt, the court did not have the authority to order Southern Label to pay a fee to Raymond’s attorney.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and CRAWLEY and THOMPSON, JJ., concur.
YATES and MONROE, JJ., concur specially.