MONROE, Judge,
concurring specially.
This case is distinguishable from Argo Constr. Co. v. Rich, 603 So.2d 1078 (Ala.Civ.App.1992). In Argo, the employee’s treating physicians determined that the medical expenses he incurred subsequent to the settlement agreement were related to the injuries he suffered in his on-the-job accident. However, the employer refused to pay those medical expenses based on the opinion of a physician it hired, who determined that the employee’s condition was not related to the accident. That physician made that assessment without treating or interviewing the employee. The employee was forced back into court solely because of the conduct of the employer.
In this case, however, doctors who treated the employee reported that he had fully recovered from his work-related injury. Therefore, the employer had a valid reason to question whether it was liable for any future medical expenses, and properly brought the issue before the court. Because there was no misconduct on the part of the employer in this case, the trial court did not have the authority to order the employer to pay the employee’s attorney fees.
This case highlights the need for legislation to address those times when an employee would be entitled to attorney fees if further litigation becomes necessary for the employee to collect “future medical expenses,” that is, medical expenses incurred after a settlement agreement or workers’ compensation judgment has been entered. The Legislature has already decided that an employee is entitled to an attorney fee when he initially recovers workers’ compensation benefits and is awarded future medical expenses. It makes no sense that that employee is not statutorily entitled to an attor *283 ney fee if he is required to go back to court to collect payment for expenses because of misconduct on the employer’s part.
YATES, J., concurs.