871 So.2d 44 (2002)
FORT JAMES OPERATING COMPANY f/k/a Fort James Pennington, Inc.
v.
Willie J. THOMPSON.
2010620.
Court of Civil Appeals of Alabama.
October 25, 2002.
Rehearing Denied January 10, 2003.
*46 Terry A. Moore of Vickers, Riis, Murray & Curran, L.L.C., Mobile, for appellant.
William L. Utsey of Utsey & Utsey, Butler, for appellee.
PITTMAN, Judge.
Willie J. Thompson ("the employee") sued Fort James Pennington, Inc., the predecessor of Fort James Operating Company ("the employer"), seeking workers' compensation benefits. He alleged that he suffered a work-related injury in September 1998 that resulted in a permanent disability. The employer countered with the argument that the employee had a pre-existing condition that was not work-related. Following a hearing, the trial court awarded the employee accrued temporary total disability benefits, certain accrued medical expenses, future medical expenses, and the costs of maintaining the action. The employer filed a postjudgment motion, which the trial court denied.
This court will not reverse a trial court's judgment in a workers' compensation case that is based on factual findings if those findings are supported by "substantial evidence." Section 25-5-81(e)(2), Ala.Code 1975. Substantial evidence is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). The trial court's legal conclusions, however, are afforded no presumption of correctness, and this court reviews them de novo. Ex parte Cash, 624 So.2d 576 (Ala.1993).
The employer argues that the trial court erred because (1) its judgment does not comply with § 25-5-58, Ala.Code 1975; (2) it miscalculated the benefits owed to the employee; (3) it miscalculated the attorney fees; (4) it awarded future medical expenses; and (5) it taxed costs to the employer.

I. Section 25-5-58, Ala.Code 1975
The employer argues that the trial court erred by not reducing the benefits owed to the employee because the employee had a pre-existing condition. See § 25-5-58. In his deposition Dr. Perry Wallace stated that he examined the employee on August 29, 1998, following a fall at home. At that time, Dr. Wallace found no swelling, no bruising, or any other sign of a ruptured or torn achilles tendon. Dr. Martin, who diagnosed the employee with a ruptured achilles tendon on September 10, 1998, reviewed the medical records of Dr. Wallace and concluded that at the time Dr. Wallace examined the employee, no rupture or tear had occurred.
In its order the trial court stated:
"The issues in the case are simple. On the one hand, [the employee] contends that on September 6, 1998, he injured his right lower leg in an [on-the-job] accident....
"On the other hand, the [employer] contends the [employee] ruptured his right achilles tendon on August 28, 1998, at his home or at some time or place other than as [alleged]....
"The evidence is clear. While the [employee] did bruise or sprain his right ankle at home on August 28, 1998, an examination by [Dr.] Wallace on August 29, 1998 and an examination by [Dr.] Kugler on September 4, 1998, clearly shows that [the employee] did not have a ruptured achilles tendon following the accident at home. Also an examination by the [employer]'s physician [Dr.] Valentine on September 10, 1998, clearly shows that the achilles tendon was completely *47 severed at that time. Dr. Valentine gave his opinion that the rupture occurred on the job....
"Based on the evidence the Court finds that [the employee] ruptured his right achilles tendon on September 6, 1998, on the job with [the employer]. The Court further finds there was no tear in his achilles tendon before the accident of September 6, 1998."
(C. 548-549.)
Based on the foregoing, § 25-5-58 does not require any reduction of the employee's workers' compensation benefits.

II. Calculation of Benefits
The employer also argues that the trial court erred in its calculation of the amount of benefits it owes to the employee. The trial court found that the employer owed a total of $9,577.69 in temporary total-disability benefits, less $6,556.43 paid to the employee by Aetna U.S. Health Care ("Aetna"), the employer's third-party administrator for accident and illness claims. The trial court calculated the amount of net benefits owed to the employee to be $4,004.73. This calculation is incorrect$9,577.69 less $6,556.43 is $3,021.26, not $4,004.73. Therefore, that portion of the trial court's judgment calculating the amount of benefits owed to the employee is reversed.

III. Calculation of Attorney Fees
The employer argues that the trial court erred in its calculation of attorney fees. The trial court ordered that the benefits Aetna had paid the employee would offset a portion of the employer's liability. The employer contends that the trial court erred by computing the 15% maximum attorney fee allowed by § 25-5-90, Ala. Code 1975, on the total amount of temporary total-disability benefits awarded instead of deducting from that amount the amount of sickness and accident benefits paid to the employee by Aetna before calculating the amount of attorney fees due.
The employer cites Bynum v. City of Huntsville, 779 So.2d 243 (Ala.Civ.App. 1999), to support its argument. Bynum holds that attorney fees are calculated after deducting the credit due to the employer, pursuant to § 25-5-11(e), for the employer's recovery from a third-party tortfeasor. We conclude that the policy consideration of § 25-2-11(e), preventing the double recovery of attorney fees, is not implicated in this case. The benefits Aetna paid to the employee merely replace a portion of the employer's liability; the fact that Aetna paid these benefits does not shift responsibility for the workers' compensation benefits from the employer to Aetna. See Bruno's, Inc. v. Killingsworth, [Ms. 2010281, October 4, 2002], ___ So.2d ___ (Ala.Civ.App.2002) (holding that attorney fees are calculated before crediting the employer for a setoff pursuant to § 25-5-57(c)(1), Ala.Code 1975, and reasoning that attorney fees would not be reduced when the employer is liable for the benefits). Therefore, we conclude that the trial court did not err by calculating the attorney fees before deducting the credit for the benefits paid by Aetna.
The employer also argues that the trial court erred in its calculation of attorney fees because the trial court's order can be interpreted to require the employer to pay a portion of the attorney fees instead of deducting the attorney fees from the employee's recovery. The trial court's judgment states that the employer is entitled to a setoff equal to the amount of benefits paid by Aetna minus a 15% attorney fee on the amount of the setoff. We agree with the employer that this imposes on the employer a liability for attorney fees in contravention of § 25-5-90. See *48 Liberty Trousers Div. of Walls Indus., Inc. v. Amos, 738 So.2d 1272 (Ala.Civ.App. 1999) (holding that the 15% attorney fee is not calculated on the amount of the credit owed to the company pursuant to § 25-5-57(c)(3), for salary paid to the employee during the benefit period). Therefore, we must reverse this portion of the trial court's judgment that awards attorney fees.
Additionally, the employer argues that the trial court erred in awarding attorney fees on the medical expenses awarded to the employee. Attorney fees are not awarded on the recovery of medical expenses in a workers' compensation action, absent willful or contumacious conduct. Millar v. Wayne's Pest Control, 804 So.2d 213 (Ala.Civ.App.2001); and Cowgill v. Bowman Transp., Inc., 587 So.2d 1000 (Ala.Civ.App.), cert. quashed, 587 So.2d 1002 (Ala.1991). However, the trial court specifically found that the employer "wrongfully and without just cause ... refused to furnish the [employee] medical benefits to which he was entitled." This finding is specifically supported by the record, which indicates that the employee clearly suffered a work-related injury. Therefore, we conclude that the trial court did not err by awarding attorney fees on the recovery of the employee's medical expenses.

IV. Future Medical Expenses
The employer argues that the trial court erred by ordering it to pay the employee's future medical expenses. The employer argues that, because the employee suffered only a temporary disability, it cannot be ordered to pay the employee's future medical expenses.
In support of this argument, the employer cites Ivie v. Winfield Carraway Hosp., 678 So.2d 1190 (Ala.Civ.App.1996), and Raines v. Browning-Ferris Indus. of Alabama, Inc., 638 So.2d 1334 (Ala.Civ.App. 1993). Ivie cites Raines, 678 So.2d at 1193, which in turn cites Davis v. City of Tuscaloosa, 494 So.2d 643 (Ala.Civ.App. 1986). This court overruled Davis in Robbins Tire and Rubber Co., Inc. v. Byrd, 659 So.2d 672, 674 (Ala.Civ.App.1995) (stating that § 25-5-77 authorizes awarding future medical expenses upon a showing that they arise from a work-related injury, that they are reasonable and necessary, and that they are obtained by employer authorization). Our supreme court recognized our overruling of Davis in Ex parte Americold Compressors Co., 684 So.2d 140, 142 (Ala.1996). Therefore, we conclude that the trial court did not err by awarding the employee future medical expenses.

V. Taxing Costs to the Employer
The employer argues that the trial court erred by awarding costs to the employee. "Costs may be awarded by [the trial] court in its discretion." Section 25-5-89, Ala. Code 1975; see also Ex parte Ellenburg, 627 So.2d 398 (Ala.1993). The employer argues that the award of costs is not supported by the evidence; therefore, the employer argues that the trial court abused its discretion by awarding costs to the employee.
In its postjudgment motion and motion for a new trial, the employer argued that the trial court erred in awarding the employee costs in excess of $1,923.75. It is true that the motion to tax costs contains no invoices, receipts, or other evidence to substantiate the requested amount. The better practice would be to support a motion to tax costs with the appropriate invoices and receipts. Previously, this court has concluded that the trial court abused its discretion in awarding the prevailing party payment of those costs that were not supported by proof in *49 the record. See Bostrom Seating, Inc. v. Adderhold, 852 So.2d 784 (Ala.Civ.App. 2002); Hooker Constr., Inc. v. Walker, 825 So.2d 838 (Ala.Civ.App.2001). A trial court may take judicial notice of filing fees and subpoena fees. See Bostrom Seating, 852 So.2d at 799. In this case, because we are reversing on other grounds, we reverse and remand as to this issue for the trial court to reconsider its cost award.[1]

VI. Conclusion
We reverse the judgment of the trial court insofar as it miscalculated the amount of benefits the employer owes to the employee (see Part II); insofar as it imposes on the employer a liability for attorney fees in contravention of § 25-5-90, Ala.Code 1975 (see Part III); and insofar as it taxed costs in excess of $1,923.35 (see Part V). In all other respects the judgment of the trial court is affirmed. We reverse the case for the trial court to recalculate the amount of benefits, the amount of attorney fees, and the amount of costs in compliance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs.
YATES, P.J., concurs in the result.
MURDOCK, J., concurs in part; concurs in the result in part; and dissents in part.
MURDOCK, Judge, concurring in part; concurring in the result in part; and dissenting in part.
I concur in the result reached in Parts I and V of the main opinion. I concur in the remainder of the opinion except as it relates to two aspects of the trial court's award of attorney fees.
First, for the same reasons I dissented in Bruno's, Inc. v. Killingsworth, [Ms. 2010281, October 4, 2002] ___ So.2d ___ (Ala.Civ.App.2002) (Murdock, J., concurring in part and dissenting in part), I am of the opinion that the employee's attorney was not entitled to an attorney fee with respect to the voluntary payment of sickness and accident benefits on behalf of the employer by Aetna U.S. Health Care. Those benefits were not recovered for the employee by his attorney. I therefore conclude that the trial court erred in regard to this aspect of its attorney-fee award, and I dissent from that portion of the main opinion holding otherwise.
Second, I note that in this case, the award of attorney fees relating to the recovery of medical expenses was part of the trial court's initial judgment in which it first determined that the employee's injury was covered under the Workers' Compensation Act and the extent to which the employer was responsible for compensation and/or medical benefits. I therefore do not agree that the trial court properly awarded fees to the employee's attorney in relation to the recovery of medical expenses.
The right to recover benefits for injuries covered by the Workers' Compensation Act is controlled by statute. In entering its judgment, however, the trial court found that the evidence indicating that the employee's injury was covered under the Act was "clear" and that the employer had acted "wrongfully" and "without just cause" in not paying compensation and medical benefits to the employee, and thereupon proceeded to award an attorney *50 fee in relation to the employee's recovery of medical expenses. I see no basis in the statute for this award.[2]
Under the "American rule" applicable in Alabama, attorney fees are recoverable only when authorized by statute, when provided for by contract, or in certain equitable proceedings. Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala.1985). In Ex parte Cowgill, 587 So.2d 1002 (Ala.1991), our Supreme Court, acknowledging the lack of any statutory or contractual basis for doing so, stated that, under appropriate circumstances, it "probably would be inclined" under the aforesaid equity exception to assess attorney fees on medical expenses recovered from an employer. 587 So.2d at 1004 (emphasis added). However, because the Court did not specifically hold that attorney fees may be awarded in the circumstances described in that case, I would look further to find applicable precedent. See Argo Constr. Co. v. Rich, 603 So.2d 1078, 1080 (Ala.Civ.App.1992) (stating that it would look beyond Ex parte Cowgill for guidance). Specifically, I would look to opinions issued since Ex parte Cowgill, several of which address the meaning of Cowgill. Those cases indicate that when an employer has "willfully and contumaciously" refused to obey a prior court order to pay medical expenses, the trial court may exercise its equitable powers to enforce its own order by holding the employer in contempt and providing relief for the employer's contemptuous acts through, among other things, an award of attorney fees incurred in enforcing the prior order.[3]
In Argo Construction Co., this court quoted as follows from Moody v. State ex rel. Payne, 355 So.2d 1116, 1119 (Ala. 1978):
"`As a general rule, and in the absence of contractual or statutory provisions, attorneys' fees are not recoverable either as costs of litigation or as an element of damages. State v. Alabama Public Service Commission, 293 Ala. 553, 307 So.2d 521 (1975); Hartford Accident & Indemnity Co. v. Cosby, 277 Ala. 596, 173 So.2d 585 (1965); and Taylor v. White, 237 Ala. 630, 188 So. 232 (1939). There are, however, a number of exceptions to this general rule. One widely-accepted exception, and one which we specifically accept, is that in proper circumstances a reasonable attorney's fee may be allowed the prevailing prosecuting party in a civil contempt proceeding. This award, though not mandatory, is allowed within the sound *51 discretion of the trial court. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923); Arvin, Inc. v. Sony Corp. of America, 215 Va. 704, 213 S.E.2d 753 (1975); and 43 A.L.R.3d 793-97.'"
603 So.2d at 1080 (emphasis added). The Argo Construction Co. court explained its application of the Moody holding as follows:
"The amount of the medical expenses should not matter in deciding whether to assess attorney fees if the employee prevails in a civil contempt proceeding.... We hold that this set of circumstances is an exception to the general rule and that the trial court, by invoking its equitable jurisdiction so as to effectuate the beneficent purpose of the [Workers' Compensation] Act, may award attorney fees to the prevailing prosecuting party as an element of damages in this civil contempt proceeding."
603 So.2d at 1080 (emphasis added).
Other pertinent cases decided since Ex parte Cowgill include the following: Travelers Indem. Co. of Illinois v. Griner, 809 So.2d 808, 814 (Ala.2001) (characterizing Ex parte Cowgill as holding "that the [trial] court, in the exercise of its equitable powers, could hold a party in contempt upon a finding that `the employer willfully and contumaciously refused to provide the expenses for the medical care'" (emphasis added)); Southern Label Co. v. Raymond, 707 So.2d 280, 282 (Ala.Civ.App. 1997) ("[b]ecause the trial court found that [the employer] was not in contempt, the court did not have the authority to order [the employer] to pay a fee to [the employee's] attorney" (emphasis added)); Collins v. Taco Bell Corp., 689 So.2d 863, 865 (Ala.Civ.App.1996) (Robertson, P.J., concurring specially and noting that, under Argo Construction Co., a "trial court has the authority to hold the employer in contempt and to order an award of fees to the injured employee's attorney" (emphasis added)). See also Millar v. Wayne's Pest Control, 804 So.2d 213, 216 (Ala.Civ.App. 2001) ("This court has held that a trial court may, in its discretion, award an attorney fee in a civil contempt proceeding arising out of a workers' compensation action." (emphasis added)).
In the present case, there was no finding that the employer was "willful and contumacious" in respect to a prior court order; there was no finding of contempt in respect to a prior court order. I therefore find no authority in the language of the Workers' Compensation Act or any precedent in our caselaw for the award of attorney fees in relation to the recovery of medical expenses by the employee.
NOTES
[1] The employer also argues that some of the costs claimed by the employee are not reimbursable. In light of our reversal and remand as to the issue of costs, we do not reach this argument.
[2] The Workers' Compensation Act includes a provision for an attorney fee of up to 15% of any "compensation" awarded, regardless of the scienter of the employer in refusing to pay the compensation that the court eventually finds to be owed under the Act. See Ala.Code 1975, § 25-5-90. Further, § 25-5-59(b) provides for a 15% penalty "[i]f any installment of compensation payable is not paid without good cause within 30 days after it becomes due." (Emphasis added.) The Legislature, however, did not include a provision of either nature with respect to the recovery of medical expenses.
[3] Ex parte Cowgill itself would appear to be a case, like those cited in the text below, involving a prior court order, the violation of which would have been the basis for the attorney-fee award the Supreme Court said it probably would be inclined to make had the employer acted "willfully and contumaciously." The Supreme Court explained that it would probably be inclined in that case to consider whether the employer willfully and contumaciously refused to pay for medical care "necessarily and directly related" to the on-the-job injury, see 587 So.2d at 1004, apparently referencing language adopted by the parties in their settlement agreement that was approved by the trial court in its previous order. See Cowgill v. Bowman Transp., Inc., 587 So.2d 1000, 1001 (Ala.Civ.App.1991); compare Ala.Code 1975, § 25-5-77(a) (requiring payment of "reasonably necessary" medical treatments).