I concur in the result reached in parts I and V of the main opinion. I concur in the remainder of the opinion except as it relates to two aspects of the trial court's award of attorney fees.
First, for the same reasons I dissented in Bruno's, Inc. v.Killingsworth, [Ms. 2010281, October 4, 2002] ___ So.2d ___ (Ala.Civ.App. 2002) (Murdock, J., concurring in part and dissenting in part), I am of the opinion that the employee's attorney was not entitled to an attorney fee with respect to the voluntary payment of sickness and accident benefits on behalf of the employer by Aetna U.S. Health Care. Those benefits were not recovered for the employee by his attorney. I therefore conclude that the trial court erred in regard to this aspect of its attorney-fee award, and I dissent from that portion of the main opinion holding otherwise.
Second, I note that in this case, the award of attorney fees relating to the recovery of medical expenses was part of the trial court's initial judgment in which it first determined that the employee's injury was covered under the Workers' Compensation Act and the extent to which the employer was responsible for compensation and/or medical benefits. I therefore do not agree that the trial court properly awarded fees to the employee's attorney in relation to the recovery of medical expenses.
The right to recover benefits for injuries covered by the Workers' Compensation Act is controlled by statute. In entering its judgment, however, the trial court found that the evidence indicating that the employee's injury was covered under the Act was "clear" and that the employer had acted "wrongfully" and "without just cause" in not paying compensation and medical benefits to the employee, and thereupon proceeded to award an attorney *Page 50 
fee in relation to the employee's recovery of medical expenses. I see no basis in the statute for this award.[2]
Under the "American rule" applicable in Alabama, attorney fees are recoverable only when authorized by statute, when provided for by contract, or in certain equitable proceedings. Reynolds v. First AlabamaBank of Montgomery, N.A., 471 So.2d 1238 (Ala. 1985). In Ex parteCowgill, 587 So.2d 1002 (Ala. 1991), our Supreme Court, acknowledging the lack of any statutory or contractual basis for doing so, stated that, under appropriate circumstances, it "probably would be inclined" under the aforesaid equity exception to assess attorney fees on medical expenses recovered from an employer. 587 So.2d at 1004 (emphasis added). However, because the Court did not specifically hold that attorney fees may be awarded in the circumstances described in that case, I would look further to find applicable precedent. See Argo Constr. Co. v. Rich,603 So.2d 1078, 1080 (Ala.Civ.App. 1992) (stating that it would look beyond Ex parte Cowgill for guidance). Specifically, I would look to opinions issued since Ex parte Cowgill, several of which address the meaning of Cowgill. Those cases indicate that when an employer has "willfully and contumaciously" refused to obey a prior court order to pay medical expenses, the trial court may exercise its equitable powers to enforce its own order by holding the employer in contempt and providing relief for the employer's contemptuous acts through, among other things, an award of attorney fees incurred in enforcing the prior order.[3]
In Argo Construction Co., this court quoted as follows from Moody v.State ex rel. Payne, 355 So.2d 1116, 1119 (Ala. 1978):
 "`As a general rule, and in the absence of contractual or statutory provisions, attorneys' fees are not recoverable either as costs of litigation or as an element of damages. State v. Alabama Public Service Commission, 293 Ala. 553, 307 So.2d 521 (1975); Hartford Accident Indemnity Co. v. Cosby, 277 Ala. 596, 173 So.2d 585 (1965); and Taylor v. White, 237 Ala. 630, 188 So. 232 (1939). There are, however, a number of exceptions to this general rule. One widely-accepted exception, and one which we specifically accept, is that in proper circumstances a reasonable attorney's fee may be allowed the prevailing prosecuting party in a civil contempt proceeding. This award, though not mandatory, is allowed within the sound *Page 51 
discretion of the trial court. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923); Arvin, Inc. v. Sony Corp. of America, 215 Va. 704, 213 S.E.2d 753 (1975); and 43 A.L.R.3d 793-97.'"
603 So.2d at 1080 (emphasis added). The Argo Construction Co. court explained its application of the Moody holding as follows:
 "The amount of the medical expenses should not matter in deciding whether to assess attorney fees if the employee prevails in a civil contempt proceeding. . . . We hold that this set of circumstances is an exception to the general rule and that the trial court, by invoking its equitable jurisdiction so as to effectuate the beneficent purpose of the [Workers' Compensation] Act, may award attorney fees to the prevailing prosecuting party as an element of damages in this civil contempt proceeding."
603 So.2d at 1080 (emphasis added).
Other pertinent cases decided since Ex parte Cowgill include the following: Travelers Indem. Co. of Illinois v. Griner, 809 So.2d 808, 814
(Ala. 2001) (characterizing Ex parte Cowgill as holding "that the [trial] court, in the exercise of its equitable powers, could hold a party incontempt upon a finding that `the employer willfully and contumaciously refused to provide the expenses for the medical care'" (emphasis added)); Southern Label Co. v. Raymond, 707 So.2d 280, 282 (Ala.Civ.App. 1997) ("[b]ecause the trial court found that [the employer] was not incontempt, the court did not have the authority to order [the employer] to pay a fee to [the employee's] attorney" (emphasis added)); Collins v. TacoBell Corp., 689 So.2d 863, 865 (Ala.Civ.App. 1996) (Robertson, P.J., concurring specially and noting that, under Argo Construction Co., a "trial court has the authority to hold the employer in contempt and to order an award of fees to the injured employee's attorney" (emphasis added)). See also Millar v. Wayne's Pest Control, 804 So.2d 213, 216
(Ala.Civ.App. 2001) ("This court has held that a trial court may, in its discretion, award an attorney fee in a civil contempt proceeding arising out of a workers' compensation action." (emphasis added)).
In the present case, there was no finding that the employer was "willful and contumacious" in respect to a prior court order; there was no finding of contempt in respect to a prior court order. I therefore find no authority in the language of the Workers' Compensation Act or any precedent in our caselaw for the award of attorney fees in relation to the recovery of medical expenses by the employee.
[2] The Workers' Compensation Act includes a provision for an attorney fee of up to 15% of any "compensation" awarded, regardless of the scienter of the employer in refusing to pay the compensation that the court eventually finds to be owed under the Act. See Ala. Code 1975, § 25-5-90. Further, § 25-5-59(b) provides for a 15% penalty "[i]f any installment of compensation payable is not paid without good cause
within 30 days after it becomes due." (Emphasis added.) The Legislature, however, did not include a provision of either nature with respect to the recovery of medical expenses.
[3] Ex parte Cowgill itself would appear to be a case, like those cited in the text below, involving a prior court order, the violation of which would have been the basis for the attorney-fee award the Supreme Court said it probably would be inclined to make had the employer acted "willfully and contumaciously." The Supreme Court explained that it would probably be inclined in that case to consider whether the employer willfully and contumaciously refused to pay for medical care "necessarily and directly related" to the on-the-job injury, see 587 So.2d at 1004, apparently referencing language adopted by the parties in their settlement agreement that was approved by the trial court in its previous order.See Cowgill v. Bowman Transp., Inc., 587 So.2d 1000, 1001 (Ala.Civ.App. 1991); compare Ala. Code 1975, § 25-5-77(a) (requiring payment of "reasonably necessary" medical treatments).