MOORE, Judge.
Dollar Tree Stores, Inc. (“the employer”), appeals from a judgment of the Mobile Circuit Court (“the trial court”) awarding Cindy Ates (“the employee”) permanent-total-disability benefits pursuant to the Alabama Workers’ Compensation Act (“the Act”), Ala.Code 1975, § 25-5-1 et seq.

Pertinent Procedural History

On June 25, 2007, the employee filed a petition seeking workers’ compensation benefits from the employer on account of an alleged accident occurring on October 18, 2005. The employer filed an answer denying liability and asserting 16 separate affirmative defenses on August 23, 2007.
On July 20, 2012, the trial court ordered the parties to attend mediation. The mediation order required the presence of the “representative of insurance carriers with full settlement authority” and explained that noncomplianee with the order could result in sanctions. On September 5, 2012, the mediation took place, but the insurance adjuster scheduled to attend did not appear, and counsel for the employer secured a replacement insurance adjuster with full settlement authority who attended by telephone from Texas. The mediation was unsuccessful. The employee moved the trial court to impose sanctions on the employer for its failure to have an insurance adjuster personally attend the mediation. The employer responded to the motion in writing, but the trial court did not rule on the motion for sanctions before trial.
The trial took place on September 21, 2012. On October 30, 2012, the trial court entered a final judgment in favor of the employee. In its judgment, the trial court found that the employee had sustained a work-related left-knee injury that had resulted in her having had multiple surgeries, including a total knee replacement, and an altered gait leading to hip and back pain, which, in combination, had caused the employee a permanent total disability for which she was entitled to benefits outside the schedule of benefits in the Act. The judgment also provided:
“13. The Court also finds that [the employer] failed to comply with this Court’s order regarding mediation in this case. The Court imposes these findings in part as a sanction for failure to comply with a specific provision in the Mediation Order. The Court specifically provide[d] in the Mediation Order that the company representative must be present. The mediator scheduled the mediation for September 5, 2012. [The employer] admits it knew as of August 27 that the designated representative could not attend because of personal matters. Although [the employer] did not inform its counsel until September 4 of its inability to comply with the order, it certainly was aware that the Order existed and it failed to send any representative as ordered by this Court. Moreover, the [employer] did not seek to ask the Court for permission to have a representative attend by phone even after its counsel was aware that the designated representative would not be coming. The Cohrt makes these find *298 ings of fact and conclusions of law in part as a sanction for the [employer’s] failure to comply with this Court’s orders.”
The trial court did not order any separate monetary sanction on account of the employer’s violation of the mediation order.

Discussion

On appeal, the employer argues that the trial court erred in several different respects, but we pretermit any discussion of all but one issue, which we find dispositive. The employer argues that the trial court erroneously awarded permanent-total-disability benefits to the employee in part because of its determination that the employer had contemptuously violated the trial court’s mediation order. We agree.
A fair reading of the trial court’s judgment indicates that the trial court determined that the employer had willfully and contumaciously violated its mediation order and that the trial court considered that contempt in determining the factual issues relating to the employee’s workers’ compensation claim. On appeal, the employer does not contend that the contempt findings are unsupported by the evidence and the employer only marginally argues that the contempt findings were entered without due process, see Rule 28(a)(10), Ala. R.App. P. (providing that arguments must be properly supported to be considered); hence, we consider those findings to be conclusive. See Poh v. Poh, 64 So.3d 49, 61 (Ala.Civ.App.2010) (“The issue whether to hold a party in contempt is solely within the discretion of the trial court, and a trial court’s contempt determination will not be reversed on appeal absent a showing that the trial court acted outside its discretion or that its judgment is not supported by the evidence.”). That leaves the purely legal question of whether a circuit court may base an award of workers’ compensation benefits, in part, on a finding of contempt.
“In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” Ala.Code 1975, § 25-5-81(e)(l). This court applies a de novo standard when reviewing a question as to whether a lower court correctly applied the provisions of the Act to undisputed facts. See Matthew’s Masonry Co. v. Aldridge, 25 So.3d 464 (Ala.Civ.App.2009).
The Act nowhere provides that a circuit court can base any factual findings essential to an employer’s liability or any factual findings as to the amount of benefits to be awarded on the contemptuous conduct of the employer. Section 25-5-51, Ala.Code 1975, a part of the Act, generally premises an employer’s liability for workers’ compensation benefits on the occurrence of a work-related accident, without regard to the fault of the employer in causing that accident. Section 25-5-57, Ala.Code 1975, also a part of the Act, sets out the compensation that is payable due to injuries resulting from work-related accidents exclusively on the basis of the disability resulting therefrom. The Act does not provide for any enhanced benefits on account of the conduct of an employer, except in §§ 25-5-59 and 25-5-86, which allow for a 15% penalty for failure to pay compensation in a timely manner without good cause.
When no statute applies, workers’ compensation actions are governed by the Alabama Rules of Civil Procedure. See § 25-5-88, Ala.Code 1975, and Rule 81, Ala. R. Civ. P. Rule 70A, Ala. R. Civ. P., governs the procedure for finding a party in contempt of court, and an employer who is a party to a workers’ compensation case may be sanctioned for contempt by a trial court’s following that rule. See *299 Travelers Indem. Co. of Illinois v. Griner, 809 So.2d 808, 814-15 (Ala.2001). In the case of a finding of a constructive criminal contempt, the court may impose imprisonment or a fine to punish the contemnor. See Rule 70A(e)(l), Ala. R. Civ. P. That fine, however, may not take the form of workers’ compensation benefits, but should be a separate award altogether. See Argo Constr. Co. v. Rich, 603 So.2d 1078 (Ala.Civ.App.1992) (holding that circuit court could assess attorney’s fees against contemptuous employer for violating order to pay medical benefits, but the fees would be separate and additional to the medical benefits awarded and not based on a percentage of those benefits, but on the reasonable amounts incurred by employee in enforcing order).
In this case, as the employee acknowledges, the trial court did not impose an independent fine for the contempt committed by the employer in violating the mediation order. Instead, the trial court expressly stated that it sanctioned the employer by taking its contempt into account when making its various findings of fact and conclusions of law relating to the employee’s workers’ compensation claim, all of which, this court notes, favored the employee. The trial court committed reversible error in allowing its contempt findings to- influence its determination of the employer’s liability and the amount of benefits due the employee. We therefore reverse the trial court’s judgment and remand the case for the trial court to vacate its judgment and to enter, in light of this opinion, a new judgment separately addressing the workers’ compensation claim and any sanction imposed for the employer’s violation of the mediation order.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.